UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 1:25-cv-25656

MAGIC CHRISTMAS (HK) CO. LTD.

Plaintiff,

v.

HOLIDAY DECO

Defendant.

_____/

## COMPLAINT

Plaintiff, Magic Christmas (HK) Co. Ltd., (hereinafter referred to as "Plaintiff"), by and through undersigned counsel, hereby files Complaint against the Defendant, Holiday Deco, having seller id A2VRR1CD4SWCR8; https://www.amazon.com/sp?ie=UTF8&seller=A2VRR1CD4SWCR8&asin=B07KWT7PR3&ref_=dp (hereinafter, "Defendant"), and in support thereof, states as follows:

## BACKGROUND

1. This is a civil action for the Plaintiff's Patents infringements pursuant to the Patent Act, 35 U.S.C. § 101 et seq., including 35 U.S.C. § 271.

2. Plaintiff is the licensee and holds two (2) United States Patcent, No. US 10,863,608 B2 for "Light-Emitting Diode Driving System for Transmitting Signal Based on Power Line and Method" and US 8,344,659 B2 for "System and Method for Lighting Power and Control

System" respectively (hereinafter, collectively called "Plaintiff's Patents"). Plaintiff's Patents have been registered with the United States Patent and Trademark Office ("USPTO") and is protected from infringement under federal patent law.

3. Without Plaintiff's authorization or license, Defendant is manufacturing, importing, promoting, reproducing, offering for sale, selling, and/or distributing goods that incorporate and infringe Plaintiff's Patents within this District through Internet based e-commerce store Amazon having seller id https://www.amazon.com/sp?ie=UTF8&seller=A2VRR1CD4SWCR8&asin=B07KWT7PR3&ref_=dp. Such infringement is both deliberate and wilful.

4. As a result, Plaintiff is enduring continuous damages to Plaintiff's Patents at the hands of Defendant herein, who unlawfully reproduce goods utilizing Plaintiff's Patents to sell for substantial profits. Furthermore, the goodwill associated with Plaintiff's Patents is being harmed by Defendant by tricking and confusing the public.

5. In summary, Plaintiff has spent significant amounts of resources in connection with patent enforcement efforts, including legal fees and investigative fees to battle the harm caused by Defendant's infringement actions.

6. Plaintiff previously filed a similar action, *XYZ Corporation v. The Individuals... on Schedule A* (S.D. Fla. Case No. 1:25-cv-23748-ALTMAN). That action was dismissed **without prejudice** on November 17, 2025, for failure to comply with the Court's procedural orders regarding the joinder of multiple defendants under Federal Rule of Civil Procedure 20.  The Plaintiff has re-filed this action against only the single defendant, **Holiday Deco**, to eliminate the issue of multi-party joinder and to ensure compliance with the requirements of Federal Rule of Civil Procedure 20.

Further, it is submitted that Plaintiff also conducted a search on PACER and JUSTIA to ascertain if the licensor, i.e., Jiangmen Pengjiang Tianli New Tech Co. Ltd. ("Licensor") of

the Plaintiff's Patent has filed any case in every United States District Courts involving one of the Plaintiff's Patent. It is further stated that the Licensor has instituted two patent-infringement actions, identified as Case No. 1:24-cv-05461 and Case No. 1:25-cv-03353. Case No. 1:24-cv-05461 was voluntarily dismissed by the Licensor, whereas Case No. 1:25-cv-03353 has been stayed pursuant to a Joint Motion to Stay Proceedings filed by both parties.

## PARTIES

7. Plaintiff, Magic Christmas (HK) Co. Ltd, is a corporation from China, and is otherwise sui juris.

8. Plaintiff is the licensee of Patents registered with the USPTO, as follows:

   a. Registration Number US 10,863,608 B2, Date: June 18, 2019.
   b. Registration Number US 8,344,659 B2, Date: November 06, 2009.

*See* true and correct copy of Plaintiff's Patents attached hereto as **Exhibit 1**.

9. Plaintiff's US 10,863,608 B2 Patent consists of a unique patent, where by configuring the switch unit of the LED driving system to output to the light-emitting diode module light string, a light emission driving signal composed of the main and secondary current power supplies power so as to maintain stable light emission, meaning that the design subject of the Plaintiff's Patent could provide an LED driving system for transmitting a lamp control signal based on a single power line. In other words, no extra lamp control signal line is necessary aside from the already existing power line(s). To demonstrate this design subject in the Plaintiff's Patented system, a figure is reproduced below:



Fig. 1

Further, Plaintiff's US 8,344,659 B2 being a digitally controlled illumination system consists of a power supply for supplying electrical power and a line driver circuit for receiving power from the power supply as well as digital illumination controlled data from controller. The line driver circuit drives an output line with an electrical current, and modulates digital illumination control data onto electrical current. Further, more than one control unit is connected in a series on the output line. Each control unit take its operating power from the electric current flowing through the output line and demodulates the digital illumination data carried by the current line, and uses that data to operate one or more illuminating devices connected to it.



10. Upon information and belief, Defendant is individual, partnership and/or business entity of unknown makeup, who either reside and/or operate in foreign jurisdiction i.e. China.

11. Defendant targets its business activities towards consumers throughout the United States, including Florida and this District using the operation of Internet based e-commerce store Amazon.com, via Internet marketplace website using its Seller ID and additional seller identification aliases and domain names not yet known to Plaintiff.

12. Upon information and belief, Defendant produces and/or distributes products from foreign jurisdictions and ship their goods to fulfilment centres within the United States, including Florida, to redistribute their products from those locations to the American consumer.

13. Defendant has the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

14. Upon information and belief, Defendant will continue to register or acquire new seller identification aliases and domain names for the purpose of selling and offering for sale goods bearing infringing and counterfeit reproductions of Plaintiff's Patents unless preliminarily and permanently enjoined.

15. Plaintiff has and will continue to suffer damages as a result of Defendant's patent infringement unless injunctive and monetary relief is awarded by this Honourable Court.

## **JURISDICTION AND VENUE**

16. This Court has subject matter jurisdiction over this case pursuant to the Federal Patent Act, 35 U.S.C. § 101 et seq., and 28 U.S.C. §§ 1331 and 1338.

17. This Court has personal jurisdiction over the Defendant pursuant to Florida Statutes § 48.193(1)(a)(1)-(2) and § 48.193(1)(a)(6), or, in the alternative, Rule 4(k) of the Federal Rules of Civil Procedure because, upon information and belief, Defendant is regularly Operating, conducting, engaging in, or carrying on a business within the District of Florida and in this Judicial District. Further, Defendant is causing injury to persons within the District of Florida

and in this Judicial District since the Infringing Product manufactured by defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use. *See, Rae v. Celebrity Cruises Inc.*, No. 1:21-cv-21668 (S.D. Fla. 2022).

18. Defendant's systematic and continuous operation of an internet store, coupled with its regular facilitation of business through prominent online marketplace Amazon; demonstrates a clear and deliberate intent to target and serve consumers within Florida, and thereby confirms the operation of business of the Defendant within the district of Florida. *See, Lead Creation Inc. v. P'ships & Unincorporated Ass'ns Identified on Schedule A.* No. 8:23-cv-49-CEH-CPT, 2023 U.S. Dist. LEXIS 25025 (M.D. Fla. Feb. 14, 2023) [note: Plaintiff clearly demonstrated that Defendant directly targets his business activities toward consumers in the District of Florida. Specifically, Plaintiff has provided a basis to conclude that Defendant has targeted sales to Florida residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Florida, accept payment in U.S. dollars and have sold the same product that infringes directly and/or indirectly Plaintiff's patent-in-suit to residents of Florida.]

19. Defendant's Internet Store accept orders for Infringing Product from and offer shipping to Florida addresses located in Florida and in this Judicial District.

20. Venue is proper over Defendant in this District pursuant 28 U.S.C. § 1391 and 28 U.S.C. § 1400, since Defendant is, upon information and belief, alien engaged in infringing activities and causing harm within this District by advertising, importing, promoting, reproducing, offering for sale, selling, and/or distributing goods that incorporate and infringe Plaintiff's Patents into this District and the Defendant is subject to personal jurisdiction within this District with respect to the action brought herein.

## GENERAL ALLEGATIONS

21. Plaintiff has filed this lawsuit against Defendant to enjoin online patent infringer who trade upon Plaintiff's valuable Plaintiff's Patents by distributing, offering to sell and/or selling unauthorized goods that incorporate and infringe Plaintiff's Patents.

22. On the following dates, Plaintiff filed with the USPTO utility patents for the "Light-Emitting Diode Driving System for Transmitting Signal Based on Power Line" And "Method and System and Method for Lighting Power and Control System" ("Plaintiff's Patents"):

    a) Registration Number US 10,863,608 B2, Date: June 18, 2019

    b) Registration Number US 8,344,659 B2, Date: November 06, 2009

23. Plaintiff's registration of the Patent pre-dates Defendant's infringement thereof. *See* Plaintiff's Patent Certificate of Registration attached hereto as **Exhibit 1**.

24. Plaintiff's Patents registration are valid, in full force and effect, unrevoked and uncanceled.

25. In pursuance of its pre-suit investigation, Plaintiff prepared a claim chart with respect to each infringing products attached hereto as **Exhibit 2** and also conducted lab testing attached hereto as **Exhibit 3**. As depicted in the claim chart, Defendant's Infringing Product embody at least Claim 1 of the Plaintiff's Patents, either literally or under the doctrine of equivalents. The Plaintiff in its claim chart has firstly, identified within infringing product the components that infringe upon Plaintiff Patents. Secondly, the claim chart also explains as to how, to the best of its belief, the components infringe on Plaintiff's Patents. Thus, Plaintiff asserts that he has "good faith" to believe that the infringing product is infringing Plaintiff's Patents. *See, Cf. Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) [note: holding that a complaint is sufficient when it places the alleged infringer on "notice of what activity . . . is being accused of infringement' . . . where the alleged infringement occurred . . . when the alleged infringement occurred . . . and why"].

26. Plaintiff has not granted a license or any other authorizations to the Defendant to make, use, offer for sale, sell and/or import goods that embody the Plaintiff's which is proprietary to Plaintiff.

27. Upon information and belief, Defendant wilfully and knowingly infringe Plaintiff's Patent rights.

28. Upon information and belief, Defendant is advertising, distributing, offering to sell and/or selling unauthorized goods that incorporate and infringe Plaintiff's Patent in U.S. interstate commerce.

29. Defendant offers to sell exact copies, or copies that literally embody the elements of at least one claim of the Plaintiff's Patents or, in the alternative, perform substantially the same function in substantially the same way with substantially the same result as Plaintiff's Patents (hereinafter referred to as the Defendant's "Counterfeit Copies") through Internet based e-commerce stores operating under the Seller IDs.

30. Upon information and belief, Defendant is actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Counterfeit Copies without authority to use Plaintiff's Patents.

31. At all times relevant hereto, Defendant knew or should have known of Plaintiff's ownership of the Patents, including its exclusive right to use and license such intellectual property.

32. Defendant's use of Plaintiff's Patents to create the Counterfeit Copies, is without Plaintiff's consent or authorization.

33. Defendant is engaging in the above-described illegal infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiff's rights. If Each Defendant's willful and intentional infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed.

34. Upon information and belief, Defendant's payment and financial accounts is being used by Defendant to accept, receive, and deposit profits from Defendant's infringing activities connected to their Seller IDs and any other alias seller identification names being used and/or controlled by them.

35. Upon information and belief, Defendant continuously creates new websites and online marketplace accounts using the Seller ID https://www.amazon.com/sp?ie=UTF8&seller=A2VRR1CD4SWCR8&asin=B07KWT7PR3&ref_=dp, as well as other unknown fictitious names and addresses.

36. Further, upon information and belief, Defendant is likely to transfer or conceal their assets to avoid payment of any monetary judgment awarded to Plaintiff in order to avoid being detected and shut down.

37. Plaintiff has no adequate remedy at law.

38. Plaintiff is suffering irreparable harm, injury and substantial damages directly and proximately caused by Defendant's unauthorized and wrongful use of Plaintiff's Patents.

39. Defendant must be enjoined from continuing to advertise, distribute, offer for sale and/or sell Counterfeit Copies that directly infringe on Plaintiff's patents protections pursuant to federal patent law.

## COUNT I
## INFRINGEMENT OF UNITED STATES PATENT NO. US 10,863,608 B2; US 8,344,659 B2
## 35 U.S.C. § 271

40. Plaintiff reincorporates and realleges paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. The registration for Plaintiff's Patents is valid, subsisting, unrevoked and uncanceled.

42. Plaintiff is the licensee of two (2) US 10,863,608 B2 for "Light-Emitting Diode Driving System for Transmitting Signal Based on Power Line" and US 8,344,659 B2 for "Method and

System and Method for Lighting Power and Control System" respectively. (*See* Exhibit 1) at issue in this lawsuit.

43. Plaintiff is the licensee having the authority to enforce the rights associated with two (2) Unites States Patents registered with the USPTO against any unauthorised use, infringement or violation by third parties within the jurisdiction of USA. A true and correct copy of Plaintiff's Patents will be attached to the Complaint as Exhibit 1.

44. Without Plaintiff's permission or authorization, Defendant has infringed one or more of Plaintiff's exclusive rights relating to the federally registered Plaintiff's Patents by importing, manufacturing, offering for sale, and/or selling Counterfeit Copies which infringe on the Plaintiff's Patents.

45. Defendant's Counterfeit Copies infringe directly or indirectly on the Plaintiff's Patents under the doctrine of equivalents.

46. Defendant is directly liable for infringing Plaintiff's Patents under the Patent Act, 35 U.S.C. § 271.

47. The foregoing acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to Plaintiff's rights in the Plaintiff's Patents.

48. Defendant's unlawful actions have caused and are continuing to cause unquantifiable and irreparable harm and unquantifiable damages to Plaintiff and are unjustly enriching themselves at Plaintiff's expense.

49. As a direct and proximate result of Defendant's continuous infringement of Plaintiff's Patents, Plaintiff is entitled to injunctive relief as well as monetary damages as provided by the Patent Act, including Defendant's profits pursuant to 35 U.S.C. §§ 284 and 289.

50. Plaintiff is further entitled to its attorney's fees pursuant to 35 U.S.C. § 285.

51. Upon information and belief, Defendant's infringement of Plaintiff's Patents has been and continues to be wilful.

52. Specifically, Defendant has infringed and continues to infringe at least Claim 1 of the Plaintiff's Patents by making, using, importing, selling, and/or offering to sell their infringing product within the United States without authorization or license from Plaintiff. *See*, Exhibit 2.

53. Defendant's conduct has caused and will continue to cause Plaintiff substantial damages, including irreparable harm, for which Plaintiff has no adequate remedy at law, unless and until Defendant is enjoined from infringing the Plaintiff's Patents.

54. Plaintiff is entitled to injunctive relief, as set forth below, because of the continuing infringements of Plaintiff's Patents and because of the significant threat of future infringement as evidenced herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment, an award of equitable relief and monetary relief against Defendant as follows:

A. Entry of temporary, preliminary, and permanent injunctions pursuant to 35 U.S.C. § 284, and Federal Rule of Civil Procedure 65; enjoining Defendant, its affiliates, officers, agents, representatives, servants, employees, and all persons acting in concert or participation therewith, from infringing Plaintiff's Patents in manufacturing or causing to be manufactured, producing, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Copies; from infringing, counterfeiting, and from using any reproduction, counterfeit, copy, or imitation of the Patents in connection with the publicity, promotion, offer for sale, sale, or advertising of any goods sold by Defendant.

B. Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, that upon Plaintiff's request, the applicable governing Internet marketplace website operators and/or administrators for the Seller IDs who are provided with notice of an injunction issued by the Court disable and/or cease facilitating access to the Seller IDs, associated ecommerce stores and websites, and any other alias seller identification names being

used and/or controlled by Defendant to engage in the business of marketing, offering to sell, and/or selling goods bearing infringements of Plaintiff's Patents. The Internet marketplace platforms include but are not limited to; Amazon;

C.      Entry of an order pursuant to 28 U.S.C. § 1651(a), and the Court's inherent authority that, upon Plaintiff's request, any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by the Court permanently remove any and all listings and associated images of goods bearing infringements of the Patents via the e-commerce stores operating under the Seller IDs, and upon Plaintiff's request, any other listings and images of goods bearing infringements of the Plaintiff's Patents associated with and/or linked to the same seller or linked to any other alias seller identification names being used and/or controlled by Defendant to promote, offer for sale and/or sell goods bearing infringements of the Plaintiff's Patents.

D.      Entry of an order pursuant to 28 U.S.C. § 1651(a), and the Court's inherent authority that, upon Plaintiff's request, any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by the Court permanently remove any and all listings and associated images of goods bearing infringements of the Patents via the e-commerce stores operating under the Seller IDs, and upon Plaintiff's request, any other listings and images of goods bearing infringements of the Plaintiff's Patents associated with and/or linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendant to promote, offer for sale and/or sell goods bearing infringements of the Plaintiff's Patents.

E.      Entry of an order that, upon Plaintiff's request, Defendant and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection

with the Seller IDs or other alias seller identification or e-commerce store names, domain names and/or websites used by Defendant presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), to be surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein.

F.	Entry of a judgment and award that Defendant account for and pay to Plaintiff damages adequate to compensate for Defendant's infringements of the Plaintiff's Patents, including lost profits but in no event less than a reasonable royalty.

G.	Entry of a judgement and award of Defendant's total profits in an amount subject to proof at trial, pursuant to 35 U.S.C. § 289.

H.	Entry of an Order finding that Defendant's infringement was wilful and an award of increased damages for wilful infringement, pursuant to 35 U.S.C § 284.

I.	Entry of an Order finding this case is exceptional under 35 U.S.C. § 285 and awarding Plaintiff its costs, expenses and disbursements incurred in this action, including reasonable attorney's fees as available by law to be paid by Defendant.

J.	Entry of an award of prejudgment interest on the judgment amount.

K.	Entry of an Order for such other and further relief as the Court may deem just and proper.

Respectfully submitted on this 3rd day of December, 2025.

**FELDENKRAIS LAW, P.A.**
Attorneys for Plaintiffs
20533 Biscayne Blvd. Suite 469
Aventura, FL 33180
Telephone: (305) 528-9614
Email: mfeldenkrais@gmail.com
By: /s/ Michael Feldenkrais, Esq.
Florida Bar No. 991708

**Encl:**

- EXHIBIT 1 (Registration Certificate)

- EXHIBIT 2 (Claim Chart)

- EXHIBIT 3 (LAB TESTING REPORT)